Jiang v. Holder

BIA
A096 234 732

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of November, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> RALPH K. WINTER,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

JIANGDONG JIANG, AKA JIAN DONG JIANG,
> *Petitioner,*

v.                                      12-2540
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Ai Tong, New York, New York.

FOR RESPONDENT:        Stuart Delery, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director; Don G. Scroggin, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jiangdong Jiang, a native and citizen of the People's Republic of China, seeks review of a May 31, 2012 decision of the BIA denying his second motion to reopen, filed in 2011. *In re Jiangdong Jiang*, No. A096 234 732 (B.I.A. May 31, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We find no abuse of discretion in this case.

There is no dispute that Jiang's 2011 motion to reopen was untimely and number-barred because his administrative removal order became final in 2004, and in 2008, he filed a first motion to reopen, which was denied. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c). To the extent Jiang contends that the time limitation does not apply because his motion is based on changed circumstances arising in China, 8

U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), his arguments are unpersuasive.

Initially, we note that the BIA did not abuse its discretion in basing its decision on Jiang's failure to file an asylum application to support his new religion-based asylum claim.  *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "*must* be accompanied by the appropriate application for relief" (emphasis added)); *see also Joaquin-Porras v. Gonzales*, 435 F.3d 172, 178 (2d Cir. 2006) (An agency's interpretations of its own regulations are accorded "substantial deference").

Furthermore, the basis of Jiang's second motion to reopen – his conversion to Christianity in the United States – is a change in personal circumstances arising in the United States, not a change of conditions arising in China. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii) (providing that the 90-day time limitation limits eligibility for relief unless the motion is based on a change in the country to which removal has been ordered); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

Substantial evidence supports the BIA's conclusion that Jiang's documentation failed to demonstrate changed conditions in China. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing BIA's factual findings regarding changed country conditions under the substantial evidence standard). None of the evidence Jiang submitted with his motion – his own affidavit, his birth certificate, his baptism certificate, a letter confirming his attendance in a church in the United States, and a photograph of him allegedly with a church member - contains evidence supporting his contention that the Chinese government persecutes Christians or that Jiang would specifically be persecuted if he returned to China.

Finally, we lack jurisdiction to review the BIA's "entirely discretionary" determination not to reopen Jiang's proceedings under its *sua sponte* authority. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006) (per curiam).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk